JOHANNA SEMPER v. JOSEPH H. COATES and Others.[1]

July 22, 1904.

Nos. 13,923—(168).

**Estate of Decedent—Contesting Claims.**

The appellant has no interest in the estate here in question, and therefore no right to contest the allowance of claims against it.

Appeal by plaintiff from an order of the district court for Benton county, Searle, J., denying a motion for a new trial.    Affirmed.

*Reynolds & Roeser,* for appellant.

*Stewart & Brower* and *Hubert Hansen,* for respondents

PER CURIAM.

On March 5, 1896, Fannie Semper died testate, and on May 16, 1901, her son filed a claim of $34 against her estate for teams and hearse furnished for her funeral, and on August 15, 1901, her daughter filed a claim of $385 for services as a nurse.   On December 14, 1901, the probate court made its order allowing the claim of the son in full, and that of the daughter in the sum of $175.   The executors appealed from the order to the district court of the county of Benton.   The plaintiff herein, Johanna Semper, also appealed from the order; but her appeal was dismissed at the April, 1903, term of the district court, on motion of the executors, for the reason that they were the proper parties to prosecute the appeal.   On June 29, 1903, the order of the probate court allowing the claims was affirmed in the district court by stipulation of the parties to the executors' appeal.

On September 15, 1903, Johanna Semper petitioned the probate court to vacate its order allowing the claims, and on October 31, 1903, the

[1] Reported in 100 N. W. 663.

probate court made its order denying the petition; and she appealed to the district court from the order, and it was there affirmed, and she appealed to this court from an order of the district court denying her motion for a new trial.    Whether the order of the probate court was appealable, or that of the district court, we do not decide.

The plaintiff claims to be interested in the matter of the allowance of the claims against the estate of Fanny Semper for the following reasons:

1. That she is entitled to the residue of the estate because the will of Fanny Semper gave all her property to her surviving husband, William Semper, for life, with absolute power of disposition, and that he exercised the power by devising all of the property to the plaintiff, his second wife.    This claim is without merit, for the power of disposition as claimed was never given to her husband.    Semper v. Coates, supra, page 80.

2. The plaintiff also claims that she is interested in the estate by reason of her alleged ownership of the promissory note which is the basis of the cause of action in Semper v. Coates, supra.    The claim is without merit, for reasons stated in the opinion in the case cited.    It follows that the plaintiff has no interest in the estate, and therefore no right to contest the allowance of any claims against the estate.

Order affirmed.